FILED
IN CLERKS OFFICE
2026 OCT 23 A 11:56
U.S. DISTRICT COURT
DISTRICT OF MASS.

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

KAVEH L. AFRASIABI,

Plaintiff,

v.

MATHEW SANDERSON, and CAPLIN AND DRYSDALE LAW FIRM

Defendants.

CIVIL ACTION NO.

DEMAND FOR JURY TRIAL

**PLAINTIFF'S COMPLAINT OF DEFAMATION OF CHARACTER**

1. Kaveh L. Afrasiabi ("Plaintiff" or "Dr. Afrasiabi"), *pro se*, for his Complaint against Mathew Sanderson ("Sanderson") and Caplin and Drysdale Law Firm ("Caplin and Drysdale") (collectively, "Defendants"), for defamation of Plaintiff's character. Plaintiff demands a compensation for damages from the Defendants in the amount of twenty million dollars. Plaintiff alleges as follows:

**NATURE OF THE ACTION**

2. This defamation action arises from Kaveh Afrasiabi's ("Dr. Afrasiabi") defamation of character by the Defendants in their public statements about the Plaintiff, falsely alleging that he was well aware of the requirement to register as a foreign agent while working as a consultant for Mission of Islamic Republic of Iran to UN and that despite this knowledge Afrasiabi neglected to do so.

3. The Defendants have made false statement about the Plaintiff in an article published on the Website of the Defendant, under title "A Look Back: The Kaveh Afrasiabi

Case," dated September 28, 2026, identified herein as Exhibit Number 1 ("Defendants' Statement").

4. The Defendants have misrepresented unsubstantiated and false allegations against the Plaintiff as veritable facts and have thus engaged in a vicious smear campaign against the Plaintiff under the guise of a neutral information to the public.

5. The Defendants have completely disregarded several communications by the Plaintiff that have pointed out the flagrant lies and distortions of facts about him and they have refused to recant.

6. The Defendants have deliberately misled the public by misrepresenting unproven allegations against the Plaintiff as "documented facts" and have thus distorted the facts and misrepresented facts about Afrasiabi.

7. The Defendants' claim that they were simply reporting the facts about the Plaintiff's case is further undermined by the fact that they never bother to mention that Afrasiabi strongly denied the charges against him and denounced them as politically-motivated.

**PARTIES**

8. Plaintiff Kaveh L. Afrasiabi is a resident of Carlisle, Massachusetts.

9. Defendant Mathew Sanderson is an attorney associated with the law firm, Caplin and Drysdale. Upon information and knowledge, Defendant Sanderson is also a board member of this law firm.

10. Defendant Caplin and Drysdale Law Firm is a charted professional organization with offices in Washington, D.C., and New York.

**JURISDICTION & VENUE**

11. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(2) because the amount in controversy exceeds $75,000 and the action is between a citizen of a state and citizens or subjects of a foreign state.

12. Venue is proper in this district under 28 U.S.C. § 1441(a) because this district embraces the place where Plaintiff initially filed this action.

13. Venue is also proper under 28 U.S.C. § 1391 because a substantial part of acts and omissions occurred in this district.

## FACTUAL BACKGROUND

### Dr. Afrasiabi's Consulting Work and the FARA Charges

14. Dr. Afrasiabi is a political scientist, theologian, prolific author, and international affairs expert. He is a former consultant to the United Nations Program of Dialogue Among Civilizations. From 2007 to 2021, Dr. Afrasiabi served as an international affairs consultant to Iran's Mission to the United Nations ("UN"), operating under the UN's guidelines. Dr. Afrasiabi consulted on a variety of issues, including assisting in negotiating the release of three American hikers who were detained in Iran. He also participated in a number of Track II diplomatic rounds, e.g., at US Association of UN in New York, along with a number of former US diplomats, in pursuit of peaceful resolution of disputes between US and Iran. While in his consulting role, Dr. Afrasiabi wrote several articles critical of Iran, including articles advocating for women's rights, against restricted elections, and regarding Iran's threat to exit the nuclear non-proliferation treaty.

15. In January 2021, in the waning hours of the First Trump Administration, Dr. Afrasiabi was arrested and indicted for allegedly violating the Foreign Agent Registration Act,

22 U.S.C. § 611, *et seq*. ("FARA"). Dr. Afrasiabi vehemently denied the charges, and was ultimately pardoned by President Biden in 2023 before the case could proceed to trial.

16. FARA requires individuals and organizations who work with foreign governments in various capacities to register with the Department of Justice ("DOJ"). FARA is regulatory in nature: it does not prohibit or place limits on individuals working with foreign governments. Rather, all FARA requires is that these individuals register their relationship with the DOJ to facilitate the DOJ's oversight of foreign governments' operations within the U.S.

17. The staff and personnel of the UN permanent missions, including Iran's Permanent Mission, are generally considered to be diplomatic personnel and are therefore exempt, per 22 U.S.C. § 613, from FARA's registrations requirements. Consistent with this understanding, Dr. Afrasiabi did not register his consulting work with the DOJ under FARA. Upon information and knowledge, several hundred outside consultants are employed by the various country missions at the United Nations, none of whom have registered as a foreign agent.

**Dr. Afrasiabi's Defamation of Character by the Defendants**

18. Defendants' Statement complained of falsely states that there is "documentary evidence" suggesting that Afrasiabi knew he needed to register with the DOJ as a foreign agent and yet chose not do so.

19. Defendants knew and should have known that the unproven and unsubstantiated allegations, vehemently denied by the Plaintiff, did not constitute "facts" let alone "documented evidence" and deliberately engaged in misrepresentation of hearsay as facts in order to achieve their sinister objective of smearing Afrasiabi.

20. Contrary to the Defendants' false allegation, Afrasiabi had a limited knowledge of Foreign Agent Registration Act (FARA) prior to his arrest on FARA charges in 2021 and until then was under the impression that it pertains solely to acts of lobbying on behalf of a foreign government in the United States, which he never engaged in; the US government's claim in 2021 that 12 years earlier in his communications with a US congressman, Afrasiabi had assisted with the drafting of the congressman's letter on the on-going nuclear negotiations simply confuses Afrasiabi's role as an Iran nuclear expert, with a long scholarly credential in that regard, with an act of lobbying. More important, Afrasiabi had researched his consulting role for Iran prior to his employment and had been assured by Iran's diplomats that his work was fully legal and permitted under the UN guidelines, as a result of which on five separate occasions Afrasiabi submitted his documents as well as finger prints to Iran's Mission to UN for submission to UN as a UN consultant. Subsequently, Afrasiabi filed a multi-million dollar lawsuit, presently pending in the US Court of Appeals for the First Circuit, in which he alleged fraudulent employment by the Mission.

21. The Defendants have adopted at face value the politically-motivated false allegations against Afrasiabi and misrepresented those allegations as substantiated facts, thus in effect lending credibility to the false claims against Afrasiabi. Case in point, Defendants in their Statement reproduce certain allegations against Afrasiabi pertaining to some of his private communications, which were untrue and fabricated and subject of repeated complaints by Afrasiabi of "fake emails" planted in order to smear him and to suggest that he had awareness of FARA registration requirement.

22. Defendants have completely turned a blind eye to Afrasiabi's offer of proof that refuted the allegations against him and, in so doing, proved their prejudicial intent against

Afrasiabi. See Afrasiabi's letter to Defendants, Dated September 30, 2026, identified herein as Exhibit Number 2.

**Dr. Afrasiabi Has Suffered Immensely As A Result Of Defendants' False And Defamatory Statements**

23. As a result of Defendants falsely misrepresenting the facts about the Plaintiff, Dr. Afrasiabi's reputation and career have suffered immense damage. Given their reputation as an established law firm, the Defendants knew and should have known that their defamatory action against the Plaintiff would likely result in serious harm to Afrasiabi's reputation.

24. Dr. Afrasiabi's career has suffered as a result of the defamatory statements Defendants broadcast to the public, which appears on page one of google search on the Plaintiff.. Dr. Afrasiabi had spent the previous four years rehabilitating his personal and professional reputation after his criminal prosecution. But as a result of Defendants publicly and erroneously calling Dr. Afrasiabi a willful FARA violator, all of Dr. Afrasiabi's progress in rehabilitating his image was wiped out.

**COUNT I: DEFAMATION**
**Against All Defendants**

25. Plaintiff repeats and re-alleges paragraphs 1 through 38 and incorporates them as though fully set forth herein.

26. Defendants made false and defamatory statements about Dr. Afrasiabi made false statements about him and circulated those false statements publicly through the internet.

27. The Defendants' statement, which explicitly states that Dr. Afrasiabi was well aware of FARA registration and requirements and he willfully ignored that requirement, are categorically false.

28. The Defendants' statement was materially false because there is no documented evidence that corroborates their false allegations above-mentioned regarding Dr. Afrasiabi.

29. Falsely insinuating that Dr. Afrasiabi did anything wrong by participating in a TV program that falsely accused Iran of complicity in the PAN-AM bombing and then urging Iran to sue the network, is yet another example of prejudicial action by the Defendants. Afrasiabi's sole concern was truth, and he was backed in his statement by a retired FBI agent, who also took issue with the TV program.

30. Defendants made and published their statement with actual malice, as they either knew they were false or made them with reckless disregard of their falsity. Dr. Afrasiabi corrected immediately contacted the Defendants and set the facts straight. Despite being made aware that the statements were false, Defendants nevertheless continued to post their statement on their website without making any revisions, with the same false and defamatory content.

31. Defendants' falsely insinuated that Afrasiabi was guilty of the allegations against him —a serious affront to truth as Afrasiabi had never once written any pro-Iran propaganda book and or article and the prosecutors in New York had admitted as much by offering him a plea deal that stipulated that Afrasiabi had never written any pro-Iran propaganda book or article, and Afrasiabi still rejected the lenient plea deal since he was innocent of the charges against him. Moreover, Defendants' false statements prejudice Dr. Afrasiabi in his profession as an academic and international affairs expert and consultant. Dr. Afrasiabi is therefore entitled to presumed damages.

32. As a direct and proximate result of Defendants' false and defamatory statements, Dr. Afrasiabi has suffered damages, including injury to his reputation, harm to his ability to carry out his profession, embarrassment, humiliation, and emotional distress, in an amount to be

determined at trial. Defendants engaged in these defamatory activities first and foremost because Plaintiff was at the opposite spectrum of their views on a war and on regime change in Iran and they sought to chill the 1st Amendment rights of a vocal opponent of a war by publicly discrediting him.

**COUNT II: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
**Against All Defendants**

33. Plaintiff repeats and realleges paragraphs 1 through 48 and incorporates them as though fully set forth herein.

34. Defendants knew or should have known that falsely stating that Dr. Afrasiabi had knowledge of FARA registration requirements and still failed to abide by it would result in emotional distress to Dr. Afrasiabi.

35. Defendants' conduct toward Dr. Afrasiabi was extreme and outrageous. Defendants are trained in law and have ignored the fundamental distinction between facts and (unproven hearsay) allegations and deliberately collapsed the distinction in their Statement with the sole purpose of harming Afrasiabi.

36. As a direct and proximate result of Defendants' conduct, Dr. Afrasiabi has suffered severe emotional distress; no reasonable person should be expected to endure the emotional distress that Dr. Afrasiabi has suffered.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Kaveh L. Afrasiabi respectfully requests that this Court:

A. enter judgment in favor of Plaintiff and against Defendants on all Counts;

B. award Plaintiff injunctive relief, including, but not limited to, ordering Defendants to remove the defamatory social media posts and issue a public apology and retraction of their defamatory statements;

C. award compensatory damages to Plaintiff of not less than $25,000,000, or in an additional amount to be determined at trial; and

D. award any such other relief as this Court deems just and proper.

Dated: October 2, 2026

Respectfully submitted,
KAVEH L. AFRASIABI, *Pro Se*

Kaveh L. Afrasiabi